### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Scott M. Rhodes,

      Plaintiff,                Case No. 15-13805

v.                           Hon. Denise Page Hood

City of Dearborn Police and Fire Revised
Retirement System,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE AND ENFORCE SETTLEMENT AGREEMENT, GRANT EX PARTE PRELIMINARY INJUNCTION AND IMPOSE SANCTIONS [ECF NO. 70]

## I.   INTRODUCTION

Before the Court is Plaintiff Scott Rhodes' Motion to Reinstate and Enforce Settlement Agreement, Grant Ex Parte Preliminary Injunction and Impose Sanctions [ECF No. 70]. Defendant City of Dearborn Chapter 23 Pension Ordinance & City of Dearborn Police and Fire Revised Retirement System filed a Response. [ECF No. 73].[1] No Reply was filed, however, plaintiff filed supplemental exhibits. [ECF Nos. 74 & 75]. For the reasons stated herein, Plaintiff's motion is DENIED.

_____

[1] To the extent Defendant requests the Court to declare Plaintiff in material breach of the parties' settlement agreement, issue an injunction prohibiting Plaintiff from

## II.    BACKGROUND

Plaintiff is a former firefighter for the City of Dearborn. Plaintiff initially began employment with the City of Dearborn's Fire Department in March 2004, and Plaintiff was a member of the Dearborn Police and Fire Retirement System. On September 14, 2015, Plaintiff filed a three-count complaint against Defendants arising out of the Pension Board's denial of Plaintiff's application for duty disability pension. [ECF No. 1]. Following discovery, this Court denied Defendants' motion for summary judgment and granted in part and denied in part Defendants' motion for judgment on the pleadings. [ECF No. 38]. The parties engaged in settlement conversations and on June 21, 2018, the Court entered the parties' stipulated order dismissing the case in its entirety, with prejudice and without costs as to any party. [ECF No. 69]. The parties' settlement agreement resolved two lawsuits, Case No. 2:14-cv-13629 before Judge Marianne O. Battani and Case No. 2:15-cv-13805, before this Court. The Order was intended to be final and resolve the last pending claim and close the case. *Id*.

Plaintiff now seeks to re-open this matter due to alleged violations of the parties' confidential settlement agreement. [ECF No. 70]. Specifically, Plaintiff contends that Defendant has violated the non-disparagement clause, ceased monthly

---

further disclosure of the agreement and award it damages and attorney fees, such requests are improper pursuant to Fed. R. Civ. P. 11(c).

payments to Plaintiff, and violated Title 1 of 18 U.S.C. § 2511(1)(a). *Id*. at PageID.1012-16]. Plaintiff argues that the settlement agreement was predicated on fraud and misrepresentation and entered into under duress. *Id*. at PageID.1017; PageID.1023. Plaintiff requests  that the Court vacate the dismissal of this matter and reinstate his cases, reinstate ECF No. 38, enforce a new settlement agreement that would entitle Plaintiff to a full duty disability pension retroactive to the date of his initial application in May 2014, grant ex parte preliminary injunction compelling Defendant to maintain the current established monthly payments until a new settlement is finalized, and impose sanctions upon Defendant for their involvement in a fraudulent settlement and its breaches. *Id*. at PageID.1030-31.

Defendant argues that pursuant to the settlement agreement, Plaintiff relinquished membership in the Retirement System in exchange for a number of payments, including monthly payments of $2,126.34 to be paid until his death. [ECF No. 73-1, PageID.1142]. Defendant contends that all monthly payments have been made. *Id*. Defendant further contends that Plaintiff has not provided any evidence that it violated the non-disparagement clause of the settlement agreement. *Id*. at PageID.1143. Defendant requests that sanctions be imposed against Plaintiff pursuant to Rule 11(c) for bringing this motion without factual or legal support. *Id*.

## III.   ANALYSIS

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). "The motion does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2). Nevertheless, this rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding, grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action or set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d).

**A. Fraud**

4

Plaintiff alleges that upon review of the May 18, 2018, settlement for this matter, allegations of fraud, misrepresentation and discrimination concerning the settlement agreement have arisen. [ECF No. 70, PageID.1012]. Therefore, it appears that Plaintiff seeks relief from the settlement based on Fed. R. Civ. P. 60(b)(3). To the extent that Plaintiff's motion is based on fraud or misrepresentation, his claims are time-barred by Rule 60(c)(1) which limits such claims to one year. Therefore, Plaintiff's motion is denied.

## B. Breach of Contract

Plaintiff asserts that that Defendant has breached the settlement agreement by violating the non-disparagement clause of the agreement and stopping monthly payments that Plaintiff is entitled to under the settlement agreement. This Court lacks jurisdiction to address Plaintiff's breach of contract claims.

A district court has the authority to dismiss pending claims while retaining jurisdiction over the future enforcement of a settlement agreement. *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000). A district court may retain jurisdiction of a matter after settlement by (1) conditioning dismissal, when it is pursuant to Federal Rule of Civil Procedure 41(a)(2), on the parties' compliance with the terms of the settlement agreement; or (2) incorporating the settlement agreement in the dismissal order or retaining jurisdiction over the settlement agreement when it is pursuant to Federal Rule of Civil Procedure 41(a)(ii). *Kokkonen v. Guardian*

5

*Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994). Where a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381.

Where jurisdiction is not retained, "enforcement of the settlement is for the state courts, unless there is some independent basis for federal jurisdiction." Id. at 383. The Sixth Circuit in *Waste Management of Ohio, Inc. v. City of Dayton*, 132 F.3d 1142, 1144 (6th Cir. 1997), stated that the language such as, the district court "retains jurisdiction over this cause for all purposes and that either party may move the district court for clarification of the Decree and for supplemental or corrective relief in addition to and/or in lieu of any and all remedies provided for in the aforementioned Settlement Agreement" is sufficient to retain jurisdiction. *Id*. In contrast, the Sixth Circuit has held that the phrase "pursuant to the terms of the settlement agreement" fails to incorporate the terms of the settlement agreement into the order because "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement into the dismissal order." *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000).

In this case, the Court's Order does not retain jurisdiction over the enforcement of the settlement agreement. [ECF No. 69]. Plaintiff argues that the Court should set aside the Order dismissing the case based in Fed. R. Civ. P. Rules

60(b)(3) or 60(b)(6). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 458 (6th Cir. 2008). As explained above, Rule 60(b)(3) allows a district court to grant relief in cases of fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Sixth Circuit, however, has not recognized a basis to analyze a breach of settlement agreement under Rule 60(b)(3). *See, Info-Hold*, 538 F.3d at 458 ("Only one federal court has even suggested that the misconduct provision in Rule 60(b)(3) might encompass the breach of a settlement agreement" and that subsection (b)(6) is the appropriate provision under which to seek relief.)

A breach of a settlement agreement does not, without more, justify relief under Rule 60(b)(6). *Id*. at F.3d at 459; *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 469-70 (6th Cir. 2007). Rule 60(b)(6) provides for relief from judgment if extraordinary or exceptional relief is warranted. Relief is not mandated merely because the terms of a settlement agreement are breached. "If adequate relief is available through a separate lawsuit for breach of the settlement agreement, the court may leave the parties to that remedy and refuse to set the judgment aside." *Ford Motor*, 487 F.3d at 469.

Michigan law recognizes a fraud in the inducement claim as a defense to the formation of a contract. *See Samuel D. Begola Serv., Inc. v. Wild Brothers*, 210 Mich.

App. 636, 639 (1995). A settlement agreement is a contract governed by general contract legal principles. *Mikonczyk v. Detroit Newspapers, Inc.*, 238 Mich. App. 347, 349 (1999). The Court finds that Rule 60(b)(3) or (b)(6) are not available to Plaintiff because there exists adequate relief available under Michigan law. Plaintiff has not carried its burden that this Court has the authority to review the Settlement Agreement entered into by the parties. Plaintiff's motion is denied.[2]

### C. Preliminary Injunction

"Issuance of a preliminary injunction is an extraordinary remedy." *JGMM realty, L.L.C. v. LNR Partners, L.L.C.*, No. 16-10633, 2016 WL 1719925, *1 (E.D. Mich. April 28, 2016). "A plaintiff seeking a preliminary injunction must establish (1) that [s]he has a strong likelihood to succeed on the merits; (2) that [s]he is likely to suffer irreparable harm without the injunction; (3) that the injunction would not cause substantial harm to others; and (4) that an injunction is in the public interest." *Id.* quoting *Livonia Property Holdings v. 12840-12976 Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 731 (E.D. Mich. 2010). "Although the factors are to be balanced, a finding that there is no likelihood of irreparable harm, *Winter*, 129 S.Ct. at 375, or no likelihood of success on the merits, *Gonzales v. Nat'l Bd. of Med.*

---

[2] To the extent that Plaintiff asserts a claim for violation of the Americans with Disabilities Act and that he was coerced and agreed to the settlement agreement under duress, Plaintiff's motion is denied based on the same reasoning.

*Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000), is usually fatal." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011).

Plaintiff has failed to argue or establish any of the preliminary injunction factors. Therefore, Plaintiff is not entitled to a preliminary injunction. To the extent Plaintiff's motion requests the entry of a preliminary injunction, the motion is denied.

### D. Sanctions

Plaintiff has not shown that he is entitled to sanctions. Fed. R. Civ. P. 11(c)(2) states "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

9

after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Plaintiff's request for sanctions is embedded within his motion to reinstate this matter, in violation of Rule 11(c)(2). Further, Plaintiff has failed to allege specific acts by Defendant that violate Rule 11(b). Instead, Plaintiff reiterates that Defendant has breached the parties' Settlement Agreement. Defendant's alleged breach does not warrant sanctions. Plaintiff's motion is denied.

## IV.   CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion to Reinstate and Enforce Settlement Agreement, Grant Ex Parte Preliminary injunction and Impose Sanctions [ECF No. 70] is DENIED.

SO ORDERED.

s/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 30, 2024, by electronic and/or ordinary mail.